HUNT, et al. *v.* LEWIS, et al.

Feb. 1, 1954

No. 39062 51 Adv. S. 25 70 So. 2d 13

*Butler, Snow & O'Mara,* Jackson, for appellants.

*Breed O. Mounger,* Tylertown, for appellees.

ETHRIDGE, J.

This is a suit to cancel a deed because of the mental incapacity of the grantor. He was an aged Negro man named Aaron Lewis, who owned approximately 350 acres of land in Walthall County. On March 6, 1942, Aaron Lewis executed a deed conveying one-half of the minerals under this property to the appellants, G. D. Hunt and E. R. Whitaker.

Appellees, complainants below, who are most of the heirs of Lewis, presented to the Chancery Court of Walthall County considerable testimony as to Lewis' mental incapacity on the date of the deed. At that time he was approximately 97 years old. He died three years later in 1945 at the age of about 100 years. We have reviewed carefully the testimony, and have concluded that the decree of the trial court for appellees is amply supported by the record. Nine witnesses testified for appellees, and in brief they said that each of them saw Lewis at frequent intervals in 1942 and for several years prior to that time; that from 1936 on both his mind and body began rapidly to deteriorate, largely as a result of old age and the diseases associated with that condition; that in 1942, on or around the date of the deed, and for several years before that, his mind was in bad condition; and he could not talk coherently, that it wandered and could not form any connected chain of thought; that he was unable to walk without considerable assistance and was confined largely to his bed and his room; that he knew or could remember very little about his property, such as the quantity of timber on it, had no understanding about money or property, and had hallucinations

about being in the loft of his house and about burying his money on his place. Dr. J. J. Pittman testified that he was Lewis' physician and that beginning around 1938 his mental and physical condition began to get worse. When he would go to examine him Lewis often would never even know he had been there; that he had "a marked senile condition of the brain where there is little memory," which was degenerating all the time; that he could not engage in a rational conversation and his condition "was so poor it would be pretty bad business to get anyone to transact business with him"; and that at the time of the execution of the deed "his condition was very poor, both physically and mentally."

For appellants-defendants, Hunt testified that when he bought the minerals he explained the purpose of the deed in some detail to Lewis, and that he appeared to him to be of sound mental condition. One subscribing witness to the deed testified to the same effect. McCloud testified that in October 1942 Aaron came to his office in Tylertown and paid off a loan on his place, and that he talked with him for a while and his mind was good.

After hearing all of the testimony the chancellor rendered an opinion in which he found that the evidence was clear and convincing that Lewis did not understand the nature of the transaction when he executed this deed. He placed emphasis upon the testimony of Dr. Pittman. The final decree cancelled the deed insofar as it affected appellees' interest.

 The testimony was in conflict, and we think that the decree was in accord with the great weight of the evidence on the basic issue; whether the grantor was capable of understanding and appreciating the nature and effect of the particular act or transaction which was challenged, and its consequences and effects upon his rights and interests. Gillis v. Smith, 114 Miss. 665,

677-678, 75 So. 451 (1917) ; Lambert v. Powell, 199 Miss. 397, 404-405, 24 So. 2d 773 (1946).
Affirmed.

*Roberds, P. J.,* and *Lee, Holmes* and *Arrington, JJ.,* concur.